UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

NOLBERTO SUAREZ GIRALDO,

                    Petitioner,

        v.

JULIO HERNANDEZ, et al.,

                    Respondent.

Case No. 2:26-cv-01831-TLF

ORDER GRANTING HABEAS
CORPUS PETITION

Petitioner Nolberto Suarez Giraldo, a citizen of Venezuela, is currently detained by U.S. Immigration and Customs Enforcement ("ICE") at the Northwest ICE Processing Center ("NWIPC") in Tacoma, Washington. Dkt. 1; Dkt. 8 (Deportation Officer "DO" Declaration). Respondents re-detained petitioner in May 2026, citing petitioner's arrest by police in April 2026. Dkt. 1; Dkt. 8; Dkt. 9-1 (I-213 form).

He petitions for a writ of habeas corpus under 28 U.S.C. § 2241. Dkt. 1. He seeks immediate release, arguing under *Mathews v. Eldridge*, 424 U.S. 319 (1976) that respondents re-detained him in violation of the Due Process Clause of the Fifth Amendment. *E.g.* Dkt. 1 at 6, 8-9.

ORDER GRANTING HABEAS CORPUS PETITION - 1

The parties unanimously consent to proceed before a Magistrate Judge. Dkt. 5. For the reasons below, the Court **GRANTS** the petition **IN PART**, and orders respondents to immediately release petitioner **within 24 hours** of the filing of this Order.

## I.      BACKGROUND

Petitioner is a citizen of Venezuela. Dkt. 1 at 5; Dkt. 8 at 1. In September 2023, he entered the United States, after which respondents detained and released him under an Order of Release on Recognizance ("OREC"). Dkt. 9-2 (Notice to Appear, dated September 18, 2023); Dkt. 9-3 (OREC). Petitioner's OREC states he "must not violate any local, State, or Federal laws or ordinances." Dkt. 9-3 at 2.

In April 2026, Eugene, Oregon Police arrested petitioner. Dkt. 1 at 5; Dkt. 8 at 2. Respondents' DO Declaration states the arrest was for "misdemeanor stalking and misdemeanor harassment." Dkt. 8 at 2.

However, petitioner asserts, and respondents do not substantively dispute, that no charges were filed based on the April 2026 arrest. Dkt. 8 at 2 (DO declaration stating "[b]ased on the records, it is unclear if Petitioner was formally charged, and if so, if the charges are still pending."); Dkt. 10-1 at 2 (petitioner's provided letter from a paralegal at the Lane County District Attorney's Office stating "I can confirm that [petitioner] was not formally charged by our office of this offense.").

On May 19, 2026, respondents re-detained petitioner after he arrived at an ICE office for a check-in. Dkt. 8 at 2. Respondents' I-213 form states the re-detention occurred after "it was determined that [petitioner] was arrested by Eugene Police department for the offense, stalking." Dkt. 9-1 at 3. The I-213 form does not directly assert another basis for petitioner's re-detention. Dkt. 9-1.

ORDER GRANTING HABEAS CORPUS PETITION - 2

## II.    DISCUSSION

### A. Detention Authority

Respondents argue petitioner is mandatorily detained under 8 U.S.C. § 1225(b) and therefore is not entitled to release or a hearing. *E.g.* Dkt. 7 at 5-6.

This Court rejected a similar argument in *Bealter Reyes v. Hermosillo*, No. 2:26-cv-00270-TLF, 2026 WL 507678, at *2 (W.D. Wash. Feb. 24, 2026). Even assuming a statute permits government detention of an individual, the Due Process Clause may provide procedural protections not found in that statute. *Zadvydas v. Davis*, 533 U.S. 678, 690 (2001). And the fact "'the Government may believe it has a valid reason to detain Petitioner does not eliminate its obligation to effectuate the detention in a manner that comports with due process.'" *Ramirez Tesara v. Wamsley*, 800 F. Supp. 3d 1130, 1137 (W.D. Wash. 2025) (quoting *E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1322 (W.D. Wash. 2025)).

It is also undisputed petitioner was released under an OREC, which is authorized under 8 U.S.C. § 1226(a)(2)(B). Petitioner's OREC states his release was "[i]n accordance with section 236 of the Immigration and Nationality Act," or in other words, 8 U.S.C. § 1226. Dkt. 9-3.

Finally, petitioner's Notice to Appear, dated September 18, 2023, expressly declined to designate petitioner as an "arriving alien," instead stating he is "an alien present in the United States who has not been admitted or paroled." Dkt. 9-2 at 2; *see also Garcia Gabriel v. Hermosillo*, No. 2:25-cv-02594-DGE-GJL, 2026 WL 194233, at *3 (W.D. Wash. Jan. 26, 2026) ("Notably, the issuing officer explicitly declined to designate Petitioner as an 'arriving alien,' . . . which is the active language used to define the

scope of § 1225(b)(2)(a) in its implementing regulation.") (citing *Martinez v. Hyde*, 792 F. Supp. 3d 211, 218-19 (D. Mass. 2025)).

Respondents rely on authorities from outside the Ninth Circuit, such as *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) or *Avila v. Bondi*, 170 F.4th 1128 (8th Cir. 2026), but these authorities are not binding on this Court. Dkt. 7 at 5-6.

For the reasons above, the Court holds petitioner is not mandatorily detained under 8 U.S.C. § 1225(b).

**B. *Mathews* Claim**

Petitioner asserts a due process claim under *Mathews*. Dkt. 1. To assess this claim, the Court adopts the reasoning of *E.A. T.-B.*, 795 F. Supp. 3d at 1320-24, and *Ramirez Tesara,* 800 F. Supp. 3d at 1136-1137, in weighing the *Mathews* factors: (1) the private interest affected by the official action; (2) the risk of erroneous deprivation of such interest through the procedures used, and the probable value of any additional or substitute safeguards; and (3) respondents' interest, including the function involved and financial and administrative burdens that the additional or substitute safeguards would entail. *Mathews*, 424 U.S. at 335; *Rodriquez Diaz v. Garland*, 53 F.4th 1189, 1206-07 (9th Cir. 2022) (assuming without deciding that the Mathews test applies "in the immigration detention context.").

The first *Mathews* factor weighs in petitioner's favor. As discussed above, it is undisputed that petitioner was released after his initial detention, and remained in the community prior to his re-detention. Respondents argue petitioner's liberty interest is "lesser . . . than a citizen" and that the Supreme Court has "'recognized detention during deportation proceedings as a constitutionally valid aspect of the deportation process.'"

ORDER GRANTING HABEAS CORPUS PETITION - 4

Dkt. 7 at 7 (quoting *Denmore v. Kim*, 538 U.S. 510, 523 (2003)). First, respondents' arguments do not acknowledge that even when release is conditional, an individual who has been released pending removal has a liberty interest in their continued freedom from custody. *E.A. T.-B.*, 795 F. Supp. 3d at 1321-22 ("That the Government exercises discretion in determining whether and which conditions of release to impose does not eliminate the protections afforded to Petitioner's liberty interest."); *see also Singh v. Bondi*, --- F. Supp. 3d ----, 2026 WL 375552, at *1, *3 (W.D. Wash. 2026) (noting the government's decision to release a petitioner, under an OREC, both strengthened petitioner's community ties and created an implicit promise petitioner would only be re-detained if his conditions were violated). Second, respondents present no evidence petitioner was charged following his arrest. *See* Dkt. 8 at 2 (stating it is "unclear if Petitioner was formally charged"). In contrast, petitioner's asserted June 2026 letter from the Lane County District Attorney states he was never charged. Dkt. 10-1.

The second *Mathews* factor weighs in petitioner's favor. Respondents based petitioner's re-detention on his arrest by the Eugene, Oregon police. Dkt. 9-1 at 3. As already noted, respondents do not substantively dispute the lack of formal charges. *See* Dkt. 8 at 2; Dkt. 10-1. *See*, *Hassanzadeh v. Warden*, No. 1:26-cv-0056 DC CKD P, 2026 WL 555497, at *1, *4, *5 (E.D. Cal. Feb. 27, 2026), report and recommendation adopted, 2026 WL 760260 (E.D. Cal. Mar. 18, 2026) (ordering release after noting "it does not appear anyone made any serious attempt to determine whether petitioner was in fact dangerous or a flight risk as no charges were ever filed against petitioner"); *see also, Ramirez Tesara*, 2025 WL 3288295, at *5 ("factual disputes as to Petitioner's

ORDER GRANTING HABEAS CORPUS PETITION - 5

alleged parole violations should be resolved at a pre-deprivation hearing, rather than resolved after the fact by this Court.").

The final *Mathews* factor weighs in petitioner's favor. Respondents' interest in civil detention without a hearing is low. *E.A. T.-B.* 795 F. Supp. 3d. at 1323-24 (quoting *Ortega v. Bonnar*, 415 F. Supp. 3d 963, 970 (N.D. Cal. 2019)) ("'If the government wishes to re-arrest Ortega at any point, it has the power to take steps toward doing so; but its interest in doing so without a hearing is low.'").

The Court accordingly finds petitioner has a protected liberty interest in his continued release from custody and all the *Mathews* factors weigh in his favor. As a post-deprivation remedy is insufficient under the circumstances, petitioner must be immediately released. *See Hassanzadeh*, 2026 WL 555497, at *1, *4-*5; *see also Guillermo M. R. v. Kaiser*, 791 F. Supp. 3d 1021, 1036 (N.D. Cal. 2025) ("absent evidence of urgent concerns, a *pre*-deprivation hearing is required to satisfy due process, particularly where an individual has been released on bond by an IJ.").

### III.    CONCLUSION

For the reasons above, the Court **GRANTS** the petition for a writ of habeas corpus **IN PART**[1] and **ORDERS**:

1) Respondents shall immediately release petitioner **within 24 hours** of the filing of this Order under his most recent conditions of release.

2) Respondents shall file a certification with this Court **within two business days** of the filing of this Order, confirming the date and time petitioner was released.

---

[1] To the extent petitioner requests additional injunctive relief, such as limits on any potential future re-detention, *e.g.* Dkt. 1 at 8-9, the Court declines to grant this relief and adopts the reasoning of *Saadhom v. Bondi*, --- F. Supp. 3d ----, 2026 WL 698786, at *10 (W.D. Wash. 2026).

ORDER GRANTING HABEAS CORPUS PETITION - 6

3) The Court will consider any post-judgment motion for attorney's fees as requested in the petition.

Dated this 1st day of July, 2026.

Theresa L. Fricke
United States Magistrate Judge

ORDER GRANTING HABEAS CORPUS PETITION - 7